The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the July 8, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the finding of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the hearing plaintiff was 68 years old. She was employed by defendant-employer as a line operator. She retired from defendant-employer's employ on October 31, 1991 at age 65.
2. Plaintiff's employment with defendant-employer as a line operator prior to April 17, 1990 involved heavy lifting and pushing.
3. Plaintiff sustained an injury to her chest and ribs on April 17, 1990 when, as she was pushing a hand cart carrying a 580-pound roll of material, she fell back and the hand truck fell on her chest. The handles of the hand truck hit the floor and kept it from crushing plaintiff. She was able to roll out from under the hand truck and continue working on the line the rest of the night.
4. Plaintiff made no complaints of back injury or back pain to her employer or her doctors after the injury of April 17, 1990. For over a year her complaints were limited to her chest area, which had been diagnosed as a fracture of the first left rib and a transverse fracture of the body of the sternum. Defendant-employer made light work available for plaintiff in 1990, and she attempted to perform light duty work, but because of delayed healing of the fracture of the sternum she was totally disabled for periods during which she was compensated by defendants in 1990 and early 1991.
5. In March 1991 plaintiff returned to work for defendant-employer in a significantly lighter, sedentary job that involved tagging and weighing small pieces of foam that weighed only a few grams. Plaintiff was able to perform this job until she voluntarily decided to retire in October 1991. Plaintiff made no complaints of back pain to her supervisor during the seven to eight months that she performed this light duty job.
6. On June 25, 1991 plaintiff returned to Dr. Blackley with a new complaint of leg weakness. Dr. Blackley referred plaintiff to Dr. Dunaway, an orthopaedic surgeon.
7. On her first visit with Dr. Dunaway on July 2, 1991 plaintiff gave a three-month history of left leg pain and weakness. Plaintiff also told Dr. Dunaway that she had no back symptoms until three months earlier. Plaintiff did not give Dr. Dunaway a history of developing back and leg pain shortly after the injury in April 1990. Dr. Dunaway ordered an MRI, the results of which revealed degenerative changes and spondylosis throughout the lumbar spine, as well as a mild superior end plate compression fracture of L4. Despite these findings, Dr. Dunaway did not feel that it was contraindicated for plaintiff to continue working in an unrestricted capacity.
8. Compression fractures can occur spontaneously without trauma, particularly in women over 40. Their occurrence is almost always associated with the onset of severe debilitating pain.
9. Given the fact that plaintiff's back problems did not begin until over a year after the injury of April 1990, plaintiff's compression fracture was not causally related to the injury of April 17, 1990, nor did the injury of April 17, 1990 significantly aggravate plaintiff's pre-existing lumbar spondylosis to the extent that she was disabled thereby.
10. Plaintiff retained the capacity after October 31, 1991 to continue earning the same wages she was earning at the time of the injury and since March 1991 with the same employer in the light duty employment which was suitable to her capacity and made available to her. Her testimony that she was unable to continue in that employment due to unrelenting pain is not accepted as credible.
11. Plaintiff retains no permanent disability resulting from the injury of April 17, 1990.
12. Plaintiff has healed from the injury to her sternum and at this point in time requires no further medical treatment or surgical intervention.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSION OF LAW
Inasmuch as plaintiff retained the capacity after October 31, 1991, despite the injury to her sternum of April 17, 1990, to continue to earn the same wages she was earning at the time of the injury and had been earning since March 1991 in light duty sedentary employment made available to her by defendant-employer and which employment was suitable to her capacity, she is not entitled to further benefits under either N.C.G.S. § 97-29 or N.C.G.S. § 97-30. Moreover, she is not entitled to any benefits under N.C.G.S. § 97-31 because she retains no permanent disability as a result of the injury of April 17, 1990.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Plaintiff's claim for further benefits under the Workers' Compensation Act is hereby DENIED.
2. Each side shall pay its own costs.
3. Defendants shall pay an expert witness fee in the amount of $250.00 to Dr. de la Torre for his testimony in the above-captioned matter.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ___________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ___________________ COY M. VANCE COMMISSIONER
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
JJB:mj 12/21/94